

| | |
|---|---|
| PATRICIA AVERETTE, ) | |
| ) | |
| ) | JOINT PROTECTIVE ORDER |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DIASORIN, INC. ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, good cause having been shown, and the Court deeming it just and proper to do so, it is hereby ORDERED that:

1. **General Scope**

This Order governs the handling and disclosure of all discovery materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL" during this action to protect those materials designated as confidential ("CONFIDENTIAL MATERIALS"). This Order shall be ongoing and continue regarding the use of CONFIDENTIAL MATERIALS during the trial or trials of any matter or issue herein. For purposes of this Order, whether or not medical records are marked as CONFIDENTIAL, they shall be deemed CONFIDENTIAL, and furthermore CONFIDENTIAL MATERIALS may include, but are not limited to, plaintiff's medical records, plaintiff's confidential personnel information and any company confidential information, such as medical and personnel records related to DiaSorin, Inc.'s ("Diasorin") employees if such documents are marked as "CONFIDENTIAL" by a party.

2. **Procedure for Designating Information as Confidential**

(a) A party may designate as CONFIDENTIAL MATERIAL any material produced in the course of discovery to include but not limited to, answers to requests for admissions, answers/responses to interrogatories, requests for production of documents, documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcripts or portion thereof as to which protection is sought in accordance with this Agreement that contains confidential information by writing, typing, or stamping on the face of such material the word "CONFIDENTIAL", or by otherwise notifying counsel for the parties in writing, and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the document or within 30 days of receipt of the deposition transcript. More Specifically:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "CONFIDENTIAL" by stamp or other method which will make the word conspicuous. If the parties do not intend to designate all of the information contained within a particular document as CONFIDENTIAL MATERIAL, counsel for that party shall indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential ;

(b) In the case of depositions, or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that CONFIDENTIAL MATERIAL is about to be or has been disclosed.

**3.    Restricted Use of Information**

2

(a) Documents/information designated as "CONFIDENTIAL" pursuant to paragraphs 1 and 2 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, their professional and para-professional employees involved in assisting with such proceedings, preparation and trial of this case;

(iii) any experts or service contractors to the extent deemed necessary by counsel (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation, but may not retain any such materials for any period longer than necessary to prepare for the litigation; or

(v) by mutual consent.

(b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, use of CONFIDENTIAL MATERIAL during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or

proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

(c) All information received directly from a service provider or medical provider having provided care to Plaintiff and documents received as a result of Plaintiff's release or other authorization to obtain said medical information shall automatically be deemed "CONFIDENTIAL MATERIALS" and subject to this Order.

(d) In the event confidential, proprietary or sensitive material is inadvertently produced without written notification of its confidentiality or without placing the designation "CONFIDENTIAL" thereon, the party may, subsequent to the production (or subsequent to the 30 day period for designating deposition transcripts), designate the material as CONFIDENTIAL MATERIAL by notifying counsel of the error and producing the documents again with the "CONFIDENTIAL" designation as set forth herein, prior to the expiration of the discovery deadline set by the Court. In such event, these materials shall be treated as if they had been marked "CONFIDENTIAL" when they were first produced, and in accordance with the terms of this Order.

4. **Disclosure and Use of Confidential Information**

(a) Provided that the requesting party and that party's counsel shall adhere strictly to the provisions of this Order with respect to all materials designated as CONFIDENTIAL, Counsel for the requesting party may have access to, inspect and copy CONFIDENTIAL MATERIALS sought through legitimate discovery means (except as described below), and no objection shall be raised to the production of any information or documents, or the answering to any interrogatories or deposition questions, on the grounds that said information, documents or answers are or may be considered confidential by the producing party, unless said information

was inadvertently produced and/or such information was intended to be CONFIDENTIAL when originally disclosed.

(b) The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties of any claim of confidentiality or privilege, and the production of such materials or documents shall not be considered as an acknowledgment that the materials or documents may be admissible into evidence at the trial of this action.

5. **Acknowledgment of Agreement**

All persons to whom CONFIDENTIAL MATERIAL is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive CONFIDENTIAL MATERIAL pursuant to paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Prior to disclosing or displaying the CONFIDENTIAL MATERIAL to any person, counsel shall:

    (a) Inform the person of the confidential nature of the information or documents; and

    (b) Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has

enjoined the disclosure of that information or documents to any other person.

Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6. **Procedure for Filing Documents under Seal**.

When a party seeks to file under seal confidential documents, things and/or information, including confidential portions of any transcript, the party shall adhere to any specific judge's orders for such submissions and shall submit a motion to seal in accordance with the federal rules of civil procedure and the local civil rule 6.1. To the extent any medical records or health related information disclosed during discovery or during a deposition is sought to be filed with the court, counsel seeking to file the medical records or other health related information marked as confidential material shall file it under seal in accordance with the federal rules of civil procedure and any applicable local court rules.

7. **Challenging Confidentiality**

Acceptance by counsel for a party of any information, document or thing identified as "CONFIDENTIAL" pursuant to this Order shall not constitute a concession that the information, document or thing is confidential material. In the event a party challenges another party's confidential designation, Counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution as between counsel, the challenging party may thereafter seek resolution by the Court by serving written notice of any objections to specific designations upon the other party within twenty (20) days of receipt of such information, documents or things. No disclosure of such information that is being challenged shall occur pending resolution of any dispute under this paragraph. Additionally, in the event the Court removes by Order, the "CONFIDENTIAL" designation, any party seeking to file such information with the Court, need not file said

6
Case 3:11-cv-00203-GCM   Document 41   Filed 07/20/12   Page 6 of 8

materials under seal pursuant to this Order absent any separate statute or rule requiring filing under seal. Nothing in this Order constitutes an admission by any party that CONFIDENTIAL MATERIAL disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all CONFIDENTIAL MATERIAL disclosed, in accordance with applicable law.

### 8. Right To Object and Modification

(a) As herein stated above and notwithstanding the foregoing, this Order shall not prejudice the right of any party to object to discovery on other grounds.

(b) Each person who receives CONFIDENTIAL MATERIAL submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

(c) Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, or as constituting attorney work product materials.

(d) This Protective Order shall not prevent either party from applying to the court for relief therefrom, or from applying to the court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

### 9. Disposition of Documents

After termination of this action, unless determined otherwise by Court Order, each receiving party shall return all documents of the conveying party, marked "CONFIDENTIAL" in its possession, custody or control, to the conveying party, and counsel of record may retain one copy of each item. Notwithstanding, the ultimate disposition of any and all CONFIDENTIAL

7

Case 3:11-cv-00203-GCM   Document 41   Filed 07/20/12   Page 7 of 8

MATERIAL as protected under this Order, shall be subject to a final order of the Court on the completion of litigation.

**10.** **Protection of Copies** All copies, extracts or summaries prepared from CONFIDENTIAL MATERIALS produced hereunder shall be subject to the same terms of this Agreement as the confidential material from which such copies, extracts or summaries were prepared, if properly designated as set out herein

**11.** **Notices** Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if provided solely to the parties' counsel of record.

**12.** **Effective Date** This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit pursuant to the terms of this Order.

It is so ORDERED this 20 day of July, 2012.

*Graham C. Mullen*
UNITED STATES DISTRICT COURT JUDGE

8